Carl A. Hasslacher v. Commissioner.
Hasslacher v. Commissioner
Docket No. 21662.
United States Tax Court
1950 Tax Ct. Memo LEXIS 223; 9 T.C.M. (CCH) 314; T.C.M. (RIA) 50092; April 7, 1950
*223 Carl A. Hasslacher, pro se. Graham Loving, Jr., Esq., for the respondent. Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $202.70 in the petitioner's income tax for 1944. The only issue for decision is whether the Commissioner erred in allowing only $750 of a claimed loss of $1,800 due to the destruction of trees by a hurricane. Findings of Fact The petitioner filed his individual return for 1944 with the collector of internal revenue for the second district of New York. The petitioner owned and occupied a residential property situated at 8 Park Road, Scarsdale, New York during 1944. The house was built in about 1917. The petitioner bought the property for about $50,000 in 1930. There was a little less than an acre of ground, improved with a frame house, separate garage and considerable landscaping. There once had been an apple orchard on the property and a row of about 4 or 5 large old apple trees was one of the features of the landscaping in the front of the house. A hurricane, which occurred on September 14, 1944, completely destroyed the two largest apple trees and damaged other trees and shrubbery on the property. The two *224 large apple trees which were completely destroyed by the storm were about 24 to 26 inches in diameter 4 feet from the ground and had a spread of about 60 feet each. They were in excellent condition just before the storm. They were old trees at the time but could have lived for many years had they not been destroyed. It was quite impracticable, if not impossible, to replace them with comparable trees due to their size and age. The petitioner on his return for 1944 claimed a loss of $1,800 on account of the destruction of the two apple trees. The Commissioner, in determining the deficiency, allowed a loss of $750. The fair market value of the petitioner's property immediately after the storm due to the destruction of the two large apple trees was $1,300 less than it had been before the storm and he thereby sustained a deductible loss in that amount. Opinion MURDOCK, Judge: The petitioner who is not a lawyer tried and briefed his own case, apparently feeling that the small amount of money involved did not justify him in employing a more capable person to represent him. He attempted, with some success, to show the efforts which he had made to learn, from others more experienced *225 than himself, what his actual loss was and to show weakness in the determination of the Commissioner. But his evidence to show what his loss actually was is not as strong or convincing as it might well have been had he called one or more witnesses who were more experienced than himself instead of merely relying upon what they had told him. However, as the owner of the property he was qualified to give his opinion and he did state that after his investigation and using his general knowledge, as well as his knowledge of this particular property, the loss in value of his property due to the destruction of these two trees was $1,800 in his opinion. The Commissioner called a man long engaged in appraising properties who never saw this property until more than three years after the storm. He stated that in his opinion the property was worth $28,750 before the storm and $28,000 after the storm. The petitioner described the property in some detail and also introduced some pictures of it immediately after the storm. The Court has taken all of the evidence into consideration in arriving at its findings determining the amount of the loss. Such a determination is, of course, but an approximation, *226 since the record leaves considerable doubt as to the exact amount. The Court has borne somewhat more heavily upon the petitioner with whom rested the burden of proof. . Decision will be entered under Rule 50.